### RUTHERFORD & HARDING, Inc., et al. v. SHARPE. (No. 8193.)

Court of Civil Appeals of Texas. San Antonio. April 3, 1929.

Rehearing Denied May 1, 1929.

West & Ellis and Spears & Montgomery, all of San Benito, for appellants.

H. B. Galbraith and B. N. Goodrich, both of Brownsville, for appellee.

SMITH, J. Appellee, Mrs. Minnie Sharpe, described in his brief by her counsel as "an English-born widow woman from Chicago," undertook to purchase 25 acres of irrigated land in Cameron county from the Delta Irrigated Farms Company, a corporation, agreeing to pay $500 an acre therefor. A year or more after she made the purchase appellee went upon the land for the purpose of developing it, when for the first time, according to her allegations, she found the tract to be traversed or bounded by paved highways, irrigation canals, and railroad rights of way, and that the easements supporting these several burdens occupied 5.18 acres of the tract, leaving only 19.82 acres subject to exploitation by the purchaser. The sale appears to have been made to appellee through the instrumentality of Rutherford & Harding, a corporation, as a selling agent, and both defendants are charged with fraud and deceit in procuring the sale.

Appellee afterwards brought this action against the vendor, the Farms Company, and Rutherford & Harding, as well as others not necessary to mention here, to rescind the sale and to recover that part of the purchase price she had paid in money and to cancel her notes given for the balance, and for special damages, and, in the alternative, for damages occasioned by the shortage in acreage, and for injury to the land occasioned by the presence thereon of the uses to which said easements are put, as well as for special damages. Upon a trial there was no rescission, but appellee recovered jointly against the two corporate defendants named above, for damages to the land in the sum of $6,250. Both named corporations have appealed.

The sufficiency of the pleadings and evidence to support the judgment is attacked by appellants in their brief, but we have concluded that the judgment must be reversed upon other grounds, and that upon another trial the pleadings will be amplified and clarified to meet the objections urged by appellants, rendering it unnecessary to pass upon that question here. We deem it inadvisable to discuss or determine the question of the sufficiency of the evidence.

In her petition appellee rested her cause of action upon three elements of damage: First, shortage of acreage, $2,590; second, "damage by depreciation of the land due to its being cut off by canals, roads, and railroads in the sum of $200 per acre for the 19.8 acres which are not occupied by the roads, canals, railroads above mentioned, or the sum of $3,964"; and, third, special damages in the sum of $7,500 because of willful fraud and deceit alleged to have been practiced upon appellee by appellants. For some reason, not apparent of record, the trial court did not submit the issues of the amounts of damages due to the shortage in acreage, or to the special damages alleged, thus eliminating the first and third items of $2,590 and $7,500, respectively, and submitted only the second item, in this form: "What was the money damage suffered, if any, by the plaintiff from

having her land bounded by highways, roads, canals and railroad right of way? You will answer this question in dollars and cents."

In response to this issue the jury found damages in the sum of $6,250, whereas the amount sued for by appellee on account of this element was only $3,964. Obviously, the verdict was unwarranted and must be set aside. The record affords no definite explanation of the process by which the jury arrived at the sum mentioned. But the parties appear to agree, in their briefs, that the jury, reflecting upon the fact in evidence before them that appellants had paid their vendors only $250 an acre for the land, concluded that it was worth no more to appellee, and framed their verdict accordingly. Such was the result reached, by whatever process arrived at. In any event it is quite clear as a matter of course that the verdict is without legal basis and must be set aside.

██ In view of another trial, it is deemed proper to suggest that the responsibility of each of the two appellants for the alleged deceit should be established affirmatively as to both, if both are to be penalized, and not in the alternative, as was done in the last trial. So ought the three elements of damage be submitted to the jury upon separate issues, if the pleadings and evidence warrant submission upon another trial.

The judgment is reversed and the cause remanded.